Nos. 5799, 5800.

# EUGENE BUCKMASTER vs. H. L. DURHAM.
# VICTOR R. BROWNING COMPANY vs. H. L. DURHAM.

## Syllabus.

The vendor's privilege is confined to the ship or vessel itself, except in the case of a forced sale of the latter, in which even the privilege is transferred to tne proceeds of such sale. *R. C. C.*, 3237-3245.

Appeal from the Civil District Court, Parish of Orleans, Division "D," Nos. 100,431-100,538, Hon. Porter Parker, Judge.

Henriques & Duchamp, for plaintiff and defendant in intervention and appellant.

A. D. Preston, for intervenor, appellee.

Dart, Kernan & Dart, G. H. Terriberry, for garnishee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

In August, 1911, Caskie sold on credit the gasoline boat "Helene" to the defendant, Durham. In December, 1911, though no part of the price had been paid, Caskie cancelled and released formally of record his vendor's lien upon the vessel, which Durham thereupon sold to Jahncke, the proceeds of said latter sale being deposited in the hands of the German-American Trust & Savings Bank, under an agreement between Jahncke and Durham which provided that it should there remain until July 2nd, 1912, to satisfy any "claims against the vessel" that might be asserted during said period.

In May, 1912, plaintiffs in the present consolidated cases, ordinary creditors of Durham, obtained judgments

against him and seized under execution the fund thus deposited; whereupon Caskie intervened by third opposition, claiming a vendor's privilege upon the fund and praying to be paid therefrom by preference over plaintiffs, the seizing creditors. The lower Court maintained the intervention, recognized a prior privilege in intervenor, and the plaintiffs have appealed.

While it is conceded that Caskie has not been paid any part of the purchase price of his sale of the vessel to Durham, the Court is unable to understand upon what theory a lien or privilege in his favor for this price may be said and has been held to exist upon the fund in question, that is, upon the price or proceeds of the subsequent conventional sale of the vessel by Durham to Jahncke. The unpaid vendor of a vessel has a lien upon the vessel itself and this lien is transferred and attaches to the price or proceeds of a subsequent sale of the vessel only when such sale is a **forced** one. Whatever may be the exact phraseology of R. C. C., 3237, that article, when considered in connection with the articles following it and with the title of the section of the Code in which they are found, is open to no other reasonable interpretation. **R. C. C., 3237-3245.**

Nor can the judgment below recognizing intervenor's right of payment out of the fund in preference to the seizing creditors, be upheld upon the ground that, by the terms of the deposit, this fund was dedicated primarily to the payment of those having "claims against the vessel. For pertermitting all question as to the effect of such a dedication as against subsequent seizures by Durham's judgment creditors, the fact remains that intervenor had no claim "against the vessel" at the time of said seizures, having even prior to the deposit itself voluntarily released and cancelled of record his vendor's lien or privilege.

— 231 —

It is accordingly ordered that the judgments appealed from be reversed and that the petitions of intervention and third opposition of T. M. Caskie be dismissed at his cost in both Courts, and that these causes be remanded to the lower Court for further proceedng according to law and to the views herein expressed.

Reversed and remanded.

Opinion and decree April 21, 1913.